FILED
2017 Jun-16 PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SHALONDA JELKS,** an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO: _____ ) |
| **JAMES E. HAYLES, an individual, and GULF RELAY, LLC,** a corporation, | ) ) **JURY DEMAND** ) ) |
| Defendants. | ) ) |

## COMPLAINT

1. Plaintiff Shalonda Jelks is over nineteen years of age, a resident of DeKalb County, Alabama and a citizen of the State of Alabama (hereinafter "Plaintiff Jelks").

2. Defendant James E. Hayles (hereinafter referred to as "Defendant Hayles") is over nineteen years of age, a resident of Rankin County, Mississippi, and a citizen of the State of Mississippi.

3. Defendant Gulf Relay, LLC (hereinafter referred to as "Defendant Gulf Relay") is a Mississippi corporation, incorporated only in the State of Mississippi, with its principal place of business also in Hinds County, Mississippi. Defendant Gulf Relay is engaged in interstate transportation and trucking and was the employer of a driver who was operating a commercial vehicle arising out of

and in the course of business of Defendant Gulf Relay. Therefore, for purposes of diversity of citizenship, Defendant Gulf Relay is a citizen of Mississippi.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 as specified by 28 U.S.C. § 1332.

5. Venue is proper as the wreck occurred in DeKalb County, Alabama, which is located in the Middle Division of the Northern District of Alabama.

## COUNT I – NEGLIGENCE

6. Plaintiff Jelks re-asserts, re-alleges, and incorporates paragraphs 1 through 5 as if set out herein in full.

7. On or about October 24, 2016, Plaintiff Jelks was traveling south on Interstate 59 between County Line Road and County Road 51 in DeKalb County, Alabama and driving in the right hand lane. At said time and place, Defendant Hayles, who was acting in the line and scope of his duties for his employer Defendant Mississippi Gulf, merged into Plaintiff Jelks' lane of travel striking Plaintiff Jelks' vehicle. The impact caused Plaintiff Jelks' vehicle to spin across the interstate and strike a guardrail before coming to a rest on the left side of the road.

8. At said time and place, Defendant Hayles was operating a tractor-trailer owned by his employer, Defendant Gulf Relay, with the company's consent and knowledge and under the authority given by Defendant Gulf Relay.

9. At said time and place, Defendant Hayles was acting in the course and scope of his employment with Defendant Gulf Relay and in furtherance of the business of Defendant Gulf Relay.

10. Plaintiff Jelks contends that Defendant Hayles had a duty to operate his motor vehicle in a safe manner consistent with the rules of the road of Alabama.

11. Plaintiff Jelks contends that Defendant Hayles breached said duty by failing to operate his motor vehicle in a safe manner and by failing to keep a proper lookout for other vehicles before changing lanes. At the aforesaid time and place, Defendant Hayles operated the vehicle individually and while in the furtherance of the business of or while on errand or mission for Defendant Gulf Relay. Because Defendant Hayles was in the line and scope of his employment with Defendant Gulf Relay at the time of the wreck, under *respondeat superior*, Defendant Gulf Relay is liable as well.

12. As a direct and proximate result of Defendant Hayles' negligent conduct, Plaintiff Jelks suffered injuries to her head, neck, back, arms, hands, and legs, as well as bruises and contusions about her body. She was also permanently injured, suffered great pain of body and mind, incurred lost wages, property damage, and significant expenses for medical treatment, and will incur future medical expenses.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Jelks demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendants, jointly and severally, for compensatory damages in an amount to be determined by a jury plus costs.

## COUNT II - WANTONNESS

13.  Plaintiff Jelks re-asserts, re-alleges and incorporates by reference paragraphs 1 through 12 as if set out herein in full.

14.  Plaintiff Jelks maintains that the conduct of Defendant Hayles, individually and while in the furtherance of business of or while on an errand or mission for Defendant Gulf Relay, rose to the level of wantonness in that Defendant Hayles acted with a reckless or conscious disregard of the rights and safety of others because he knew or should have known that his conduct would likely cause injuries to Plaintiff Jelks and others.

15.  As a direct and proximate result of Defendant Hayles' wanton conduct, Plaintiff Jelks suffered permanent bodily injuries and damages as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Jelks demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendants, jointly and severally, for punitive damages in an amount to be determined by a jury plus costs.

## COUNT III - NEGLIGENT & WANTON ENTRUSTMENT

16. Plaintiff Jelks re-asserts, re-alleges and incorporates by reference paragraphs 1 through 15 as if set out herein in full.

17. Plaintiff states that on or about October 24, 2016, Defendant Gulf Relay negligently and/or wantonly entrusted a vehicle to its employee, Defendant Hayles.

18. Plaintiff avers that Defendant Hayles' negligent and/or wanton conduct in the operation of said entrusted vehicle was the direct and proximate cause of the injuries and damages to Plaintiff Jelks.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Jelks demands judgment against Defendant Gulf Relay in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 in an amount to be determined by a jury plus costs of court.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION

19. Plaintiff Jelks re-asserts, re-alleges and incorporates by reference paragraphs 1 through 20 as if set out herein in full.

20. Plaintiff maintains that on or about October 24, 2016, Defendant Gulf Relay, its agents, and/or employees negligently and/or wantonly hired, failed to adequately train, and/or supervise its employee, Defendant Hayles, who operated Defendant Gulf Relay's vehicle in a negligent and/or wanton manner causing

damages and injuries to Plaintiff Jelks.

21.   The above-described negligent and/or wanton hiring, training, and supervising of Defendant Hayles combined and concurred to directly and proximately cause injuries and damages to Plaintiff Jelks.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Jelks demands judgment against Defendant Gulf Relay in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 in an amount to be determined by a jury plus costs of court.

/s/ Robert L. Gorham

Robert L. Gorham (ASB-0010-H66R)
Melissa C. Taylor (ASB-5881-M34C)
Attorneys for Plaintiff

**OF COUNSEL:**
**GORHAM & ASSOCIATES LLC**
517 Beacon Parkway West
Birmingham, Alabama 35209
(205) 943-9339 Office
(205) 943-9338 Facsimile
bgorham@gorhamandassociates.com
mtaylor@gorhamandassociates.com

## JURY DEMAND

Plaintiff demands trial by struck jury.

_____
Robert L. Gorham

**PLEASE SERVE DEFENDANTS
VIA CERTIFIED MAIL AS FOLLOWS:**

James E. Hayles
149 Green Leaves Drive
Florence, MS 39073

Gulf Relay, LLC
c/o John B. Dongieux
105 North College Street
Brandon, MS 39042